IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


DENNY RAY POLK                                                                    PLAINTIFF

vs.                                        Civil No. 1:22-cv-01016

COMMISSIONER, SOCIAL                                                          DEFENDANT
SECURITY ADMINISTRATION


**MEMORANDUM OPINION**

Denny Ray Polk ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision

of the Commissioner of the Social Security Administration ("SSA") denying his application for

Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability application on September 25, 2018.  (Tr. 11).  In

this application, Plaintiff alleges being disabled due to right rotary cup tear, problems with his left

rotary cup, pancreatitis, liver cirrhosis, hypertension, and right leg cellulitis.  (Tr. 885).  Plaintiff

alleges an onset date of January 15, 2017.  (Tr. 11).  This application was denied initially and again

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The
transcript pages for this case are referenced by the designation "Tr" and refer to the document
filed at ECF No. 10.   These references are to the page number of the transcript itself not the ECF
page number.

upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 748-838).

On May 17, 2021, the ALJ held an administrative hearing. (Tr. 642-675). At this hearing, Plaintiff was present and was represented by counsel, Matthew Golden. *Id.* Plaintiff and Vocational Expert ("VE") Donald Rue testified at this administrative hearing. *Id.*

Following the administrative hearing, on June 10, 2021, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 11-22). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2022. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 15, 2017, his alleged onset date. (Tr. 13, Finding 2).

Through his date last insured, the ALJ determined Plaintiff had the following severe impairments: degenerative joint disease of the right shoulder with right arm ulnar neuropathy; degenerative disc disease of the cervical, thoracic, and lumbar spines with radiculopathy; coronary artery disease and malignant hypertension; obesity; major depressive disorder; and post-traumatic stress disorder. (Tr. 13, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 15-20, Finding 5). Specifically, the ALJ found Plaintiff retained the RFC to perform light work, but was limited to frequent reaching in front or laterally with his right upper extremity; no exposure to hazards such as work at unprotected heights or around dangerous moving machinery; no commercial driving; carrying out only simple

instructions and tasks for two-hour blocks of time; no work-required interaction with the public; and occasional work-required interaction with coworkers and supervisors.  *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 20, Finding 6).  The ALJ determined Plaintiff was unable to perform any PRW.  *Id.*  However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform.  (Tr. 21, Finding 10).  With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) price marker with approximately 125,000 jobs in the nation, (2) bench assembler with approximately 320,000 jobs in the nation, and (3) mail sorter with approximately 98,000 jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been disabled from January 15, 2017, through the date of the decision.  (Tr. 22, Finding 11).

Plaintiff then requested the Appeal's Council's review of this unfavorable decision.  (Tr. 1-5).  The Appeals Council denied this request on January 26, 2022.  *Id.*  Thereafter, on March 25, 2022, Plaintiff appealed his administrative case to this Court.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on March 28, 2022.  ECF No. 5.  Both Parties have filed their appeal briefs, and this matter is now ripe for consideration.  ECF Nos. 16, 17.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would

3

have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant

4

can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record because the ALJ erred in finding his migraine headaches as non-severe. ECF No. 16. In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 17.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to, among other things, migraine headaches. The medical record shows Plaintiff was treated and received medication for migraines.

(Tr. 1995, 2000, 2026, 2030, 2067, 2264-2265, 2279, 2303, 2312, 2366).  Plaintiff also testified about the effects this condition and medications had on him and his ability to work.  (Tr. 668-669).

As recognized above, the standard for determining whether an impairment is severe is a low standard.  Based upon the record, Plaintiff has presented sufficient evidence demonstrating his migraine headaches meet that standard.  Thus, this case must be reversed and remanded for further consideration of this issue and a determination as to whether any of Plaintiff's other impairments meet this low standard.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is not supported by substantial evidence in the record.  As such, this case is reversed and remanded for further findings consistent with this opinion.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of March 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE